UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. ANDERSON,

    Plaintiff,

vs.                                                 Case No. 16-11356

LIBERTY INSURANCE COMPANY,          HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (Doc. 2)[1]

### I. Introduction

This is an insurance case. Plaintiff Robert L. Anderson (Anderson) is suing defendant Liberty Insurance Company (Liberty) claiming breach of contract and violation of the Michigan Uniform Trade Practices Act, M.C.L. § 500.2001. Anderson filed a claim of loss under the vandalism and malicious mischief provision of his homeowners insurance with Liberty. Liberty denied the claim on the grounds that the property was vacant for more than 30 days prior to the loss.

Before the Court is Liberty's motion to dismiss or, in the alternative, for summary judgment on the grounds that Anderson filed this action too late–six days too late to be exact. As will be explained, the policy requires that a lawsuit be filed within one year from the time the insured receives notice of the denial; Anderson did not file within the time permitted. As such, Liberty's motion is GRANTED. The reasons follow.

---

[1] Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II. Background

The facts relevant to the instant motion as gleaned from the complaint and incorporated documents follow.

On February 2, 2014, Liberty issued a LibertyGuard Deluxe Homeowners Policy No. H37-248-225895-40, effective February 4, 2014 to February 4, 2015 (Liberty Policy) to Anderson as the Named Insured.

On October 24, 2014, Anderson reported a vandalism and malicious mischief loss under Coverage A – Dwelling to Liberty. (Doc. 1-1, Complaint at ¶ 6).

Liberty investigated Anderson's claim.

On March 6, 2015, Liberty wrote a letter in which it denied liability because an investigation showed the property was vacant for more than 30 days. Liberty noted that under the vandalism and malicious mischief provision, coverage is expressly excluded if the property has been vacant for more than 30 consecutive days before the loss.

According to claims notes by Derek Maki, a Senior Special Investigator (SI) for Liberty, the letter was mailed on March 10, 2015 and was sent certified mail, return receipt. Also, on March 12, 2015, SI Maki emailed Clarice Williams, counsel for Anderson, and enclosed a copy of the March 6, 2015 letter with the email.

The Liberty Policy contains a provision regarding the timing for filing a lawsuit. Specifically the "Suit Against Us" provision in paragraph 8 of SECTION I – CONDITIONS of the Liberty Policy, as amended by SPECIAL PROVISIONS – MICHIGAN endorsement, states:

> Suit Against Us. No action can be brought unless the policy
> provisions have been complied with and the action is started
> within one year after the date of loss. The time for commencing an

> action is tolled from the time the "insured" notifies the insurer of
> the loss until the insurer formally denies liability.

(Liberty Policy, Doc. 1-2).

According to Liberty, Anderson had until March 10, 2016 to file a timely action against Liberty.

On March 16, 2016, Anderson filed suit against Liberty.

### III.  Legal Standard

Liberty moves for dismissal under 12(b)(6) on the grounds that the complaint fails to state a plausible claim inasmuch as the lawsuit was not timely filed and for summary judgment on the grounds that there is no genuine issue of material fact that the lawsuit was not timely filed.  Because Liberty has furnished evidence outside the pleadings, the motion is appropriately considered a motion for summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must
> support the assertion by:
>
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information, affidavits or
> declarations, stipulations (including those made for purposes of the motion
> only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, id. at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," Hager v. Pike County Bd. Of Education, 286 F.3d 366, 370 (6th Cir. 2002).

IV.  Analysis

A.

Michigan's rules of insurance policy interpretation "are the same as for any other written contract." Comerica Bank v. Lexington Ins. Co., 3 F.3d 939, 942 (6th Cir. 1993). "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties. To this rule all others are subordinate." City of Grosse Point Park v. Michigan Mun. Liab. & Prop. Pool, 473 Mich. 188, 197 (2005).  "[T]he language of the parties' contract is the best way to determine what the parties intended." Klapp v. United Ins. Group Agency, Inc., 468 Mich. 459, 476 (2003).  Accordingly, courts are to interpret insurance policies in accordance with the plain meaning of the words and phrases used. Henderson v. State Farm and Cas. Co., 460 Mich. 348, 356 (1999).  Any clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy. Raska v. Farm Bureau Ins. Co., 412 Mich. 355, 361-62; 314 N.W.2d 440 (1982). Specifically, as is relevant here, "an unambiguous contractual provision

providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." Rory v. Cont'l. Ins. Co., 473 Mich. 457, 470 (2005).

Michigan's Insurance Code, M.C.L. § 500.2833(1)(q) provides that insurance polices like the one in this case:

> shall contain the following provisions: . . . That an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer.  The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.

The "Suit Against Us" provision in the Liberty Policy tracks the Michigan statute.  Under the Liberty Policy and the statute, "[t]he time for commencing an action is tolled from the time the 'insured' notifies the insurer of the loss until the insurer formally denies liability." This provision unambiguously limits actions against Liberty.

B.

As applied to this case, Anderson notified Liberty of the loss on October 24, 2015.  The one year limitation period was tolled until the time Liberty denied liability. The question then becomes when did Liberty deny liability.  Under Michigan law, the tolling ends, i.e. liability is denied, when the insurer mails the denial notice, not when the insured receives the denial notice.  Saad v. Citizens Ins. Co. of Am., 227 Mich. App. 649, 652 (1998) (emphasis added).

Here, Liberty has provided evidence that the denial letter was mailed on March 10, 2016.  First, SI Maki's claim notes state in pertinent part:

> Original 03/12/2015 9:04 AM SI [Maki] contacted the insured's attorney and advised of claim disposition for this loss. SI also e-mailed a copy of the denial letter to his attorney, Clarice Williams. . . . **SI mailed a copy of the denial letter to the insured on 3/10/15**.

(Doc. 2, Exhibit A, attachment 3) (emphasis added). Moreover, Liberty has attached the email sent to Anderson's counsel dated March 12, 2015 which states: "Please find enclosed correspondence that was mailed to Robert Anderson." (Doc. 2, Exhibit A, attachment 4). Attached to the email is the denial letter.

> Finally, Liberty has provided SI Maki's affidavit in which he states:
>
> 6. I drafted a letter formally denying Mr. Anderson's claim, dated March 6, 2015.
> 7. The denial letter was approved and mailed on March 10, 2015 as evidenced by the contemporaneous claim activity entry, dated March 12, 2015....
> 8. On March 12, 2015 I emailed counsel for Mr. Anderson, Clarice Williams, enclosing a copy of the March 6, 2015 denial letter....

(Doc. 2, Exhibit A).

Anderson, however, says that summary judgment is not appropriate because Liberty has not met its evidentiary burden, i.e. there is a genuine issue of material fact as to when the denial letter was mailed. In support, Anderson cites No Limit Clothing, Inc. v. Allstate Ins. Co., No. 09-13574, 2011 WL 3648258 (E.D. Mich. Aug. 18, 2011). In this case, the district court determined that there was a genuine issue of material fact as to when a denial letter was mailed because Allstate "provided no certified mail receipt or other evidence establishing the date of mailing" of the letter. Id. at *4. Anderson says that Liberty likewise has not produced a certified mail receipt and says

6

that SI Maki's claim notes, email to counsel, and affidavit are simply insufficient.

The Court disagrees with Anderson.  First, there is no authority stating that a certified mail receipt is required to establish the date of mailing.  While perhaps helpful in determining that an insured received notice, a certified mail receipt shows when the letter was <u>received</u> by the insured, not when it was mailed.  Second, the Michigan Court of Appeals has approved of affidavits to establish when the letter was mailed.  <u>See</u> <u>Cummings v. State Farm Fire & Cas. Co.</u>, No. 220844, 2001 WL 865309 at *2 (Mich. Ct. App. July 31, 2001) (upholding trial court's reliance on affidavits in determining when the defendant mailed notice of its denial of the insured's claim).

Thus, unlike <u>No Limit Clothing</u>, Liberty has come forward with definitive proof as to when the denial letter was mailed.  The record evidence, outlined above, leads to the conclusion that the denial letter was mailed on March 10, 2015.  Reasonable minds could not differ on this.  As such, the limitation period began to run on March 10, 2015 and continued uninterrupted until March 10, 2016.  Anderson's complaint was filed on March 16, 2016, six days beyond the limitation period.[2]

It is important to note that courts have reached similar conclusions where, as here, there was a short period by which the deadline was missed.  <u>See Curtis v. State Farm Fire & Cas. Co.</u>, No. 2:14-CV-10934, 2014WL 3529417 at *3 (E.D. Mich. July 16, 2014), reconsideration denied, No. 2:14-CV-10934, 2014WL 4071900 (E.D. Mich.

---

[2]Even if the letter was deemed mailed on March 12, 2015, the date of the claim note entry and date when it was emailed to counsel, the complaint would still be untimely.

Aug. 18, 2014) and aff'd, No.14-2194, 2015WL 4139547 (although the plaintiff's claim was untimely under an insurance policy's one-year limitations period "by a mere three days, Michigan courts have nevertheless strictly enforced these deadlines."); Saad v. Citizens Ins. Co. of Am., 227 Mich. App. 649, 652 (1998) (although the contractual period of limitation had expired two days before suit was filed, plaintiff's complaint was nevertheless untimely).

    This case is DISMISSED.

    SO ORDERED.

                                            S/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: August 2, 2016
      Detroit, Michigan